UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LARRY DEAN GARRETT, JR.,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00179-RDP-SGC |
| **ATTORNEY GENERAL STEVE MARSHALL,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) |

## AMENDED MEMORANDUM OPINION AND ORDER

This is an action pursuant to 42 U.S.C. § 1983 filed by Larry Dean Garrett, Jr., who is proceeding *pro se*. (Doc. 1). On February 22, 2024, the Magistrate Judge entered a Report and Recommendation recommending the court dismiss this action pursuant to the three strikes provision of 28 U.S.C. § 1915(g). (Doc. 3). Garrett was advised of his right to file written objections to the Report and Recommendation within fourteen days.

Having not received any objections or other response by March 14, 2024, the court adopted the Magistrate Judge's Report, accepted her recommendation, and entered a Memorandum Opinion and Final Judgment dismissing this action on March 15, 2024. (Docs. 6, 7). Before the Memorandum Opinion and Final Judgment were docketed, however, Garrett's objection to the Report and Recommendation was docketed. (Doc. 4). Garrett also requested an extension of time to object to the Report and Recommendation. (Doc. 5). Accordingly, this amended Memorandum Opinion and Order addresses Garrett's objections and his request for an extension.

The Magistrate Judge recommended this action be dismissed under the Prison Litigation Reform Act because (1) Garrett has, on at least three prior occasions, brought a federal civil action that was dismissed for failure to state a claim upon which relief can be granted (commonly referred

to as a "strike"),[1] and therefore he is not permitted to proceed *in forma pauperis*; (2) Garrett did not pay the filing and administrative fees when he filed this complaint; and (3) there is no indication Garrett is in imminent danger of serious physical injury. The Eleventh Circuit has held that when a prisoner with three strikes files a complaint without paying the filing fee, the district court should dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Id.* The only exception to this rule arises when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Garrett admits he has accrued three strikes and did not pay the filing fee when he filed his complaint; however, he contends he meets the imminent danger exception to the three strikes rule because his sex offender status places him in danger of attacks by other inmates. He cites *Sussman v. Secretary, Florida Department of Corrections*, an unreported 2022 opinion in which a panel of the Eleventh Circuit held that a prisoner-plaintiff satisfied the imminent danger exception where his complaint alleged his sex offender status placed him in danger of attacks from other inmates. No. 20-14152, 2022 WL 53608 (11th Cir. Jan. 6, 2022).

In *Sussman*, the plaintiff claimed the Florida Department of Corrections had failed to protect him from violence and was deliberately indifferent to his need for protection. *Sussman v. Inch*, No. 4:20CV367-WS-HTC, 2020 WL 5775813 (N.D. Fla. Aug. 18, 2020), *report and recommendation adopted,* No. 4:20CV367-WS/HTC, 2020 WL 5775151 (N.D. Fla. Sept. 28, 2020), *aff'd in part, vacated in part, remanded sub nom. Sussman v. Sec'y, Fla. Dep't of Corr.*, No. 20-14152, 2022 WL 53608 (11th Cir. Jan. 6, 2022). Sussman alleged there was an ongoing

---

[1] *See Garrett v. Pulliam*, No. 18-1160-AKK-JEO (N.D. Ala. July 30, 2018); *Garrett v. Shelby Cty. Jail*, No. 17-1081-AKK-JEO (N.D. Ala. Jan. 10, 2018); *Garrett v. Randolph Cty. Sheriff's Dep't.*, No. 16-990 (M.D. Ala. Mar. 23, 2017).

pattern of attacks by inmates and guards at prior facilities where he had been housed, but the district court found the allegations of his complaint did not meet the imminent danger exception to § 1915(g). The circuit court panel disagreed and said this:

> viewing his pro se complaint as a whole and accepting his plausible allegations as true, we conclude that he alleged an imminent danger of serious physical injury under § 1915(g). Specifically, he alleged that his sex offender status put him in danger, that officials knew this, and that they nonetheless encouraged attacks against him and failed to protect him from attacks by dangerous inmates. While it is a close call, these claims are arguably not so "wildly implausible" that we should not treat them as true.

2022 WL 53608 at *2.

Garrett's complaint, however, does not contain allegations similar to those made in *Sussman*. Garrett pleaded guilty for "failure to notify transfer of residence" and agreed to register on Alabama's sex offender registry for life. (Doc. 1 at 24). He claims this has resulted in multiple arrests and jail and prison time. (*Id.*). He also claims his registration has caused him problems establishing residency and employment, securing healthcare, and dealing with law enforcement. He does not, however, allege that his registration in Alabama has caused issues at the United States Penitentiary—Tucson, his current place of confinement. The only allegations in the complaint that might broadly relate to Garrett's objection are his claims that he suffered "reputational damage." (Doc. 1 at 3-5).

Unlike the complaint in *Sussman*, where the plaintiff detailed past attacks from inmates and guards and alleged ongoing threats, Garrett's complaint does not allege (1) his sex offender status put him in danger;[2] (2) prison officials knew this; (3) prison officials encouraged attacks against him; and (4) prison officials failed to protect him from attacks by dangerous inmates. As

---

[2] Even if Garrett could obtain his requested relief in this action, it would not fully resolve his sex offender status. He was separately convicted and sentenced to 600 months in prison for producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). *See United States v. Garrett*, 2:16-cr-00327-MHH-JHE (N.D. Ala. July 20, 2018) ECF No. 178. Even if his Alabama record was expunged, this conviction remains.

Garrett reads *Sussman*, virtually any convicted sex offender would automatically meet the imminent danger exception to the three-strikes rule. This court declines to read *Sussman* to encompass all sex offenders, particularly where, as here, the complaint contains no specific allegations that might demonstrate an imminent threat of serious physical injury.

Garrett's complaint has other problems. He claims his required registration as a sex offender violates the Due Process Clause of the Fourteenth Amendment and seeks (1) to enjoin the use of his prior sex offender registration records; (2) the removal of his record from Alabama's sex offender registry; (3) relief from charges, fines, judgments, and convictions connected to his allegedly unlawful placement on the Alabama sex offender registry; and (4) compensatory and punitive damages. The first three categories of relief are not available under § 1983. Instead, they must be sought through a petition for a writ of habeas corpus, and then only after a prisoner exhausts state court remedies. *See Johnson v. Fla.*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'") (internal quotations and citations omitted). To exhaust a federal claim, a petitioner must present his federal claim "to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted).

Garrett alleges he has moved to invalidate his convictions in Talladega and Randolph Counties, but only Randolph County has acknowledged his letter. (Doc. 1 at 3). There is no indication, however, that Garrett has completed that process or that the Alabama Supreme Court has had an opportunity to address Garrett's claims. In addition, Garrett cannot proceed with a § 1983 claim that inherently challenges the legality of his conviction or confinement "unless and until the [conviction or order of confinement] is reversed, expunged, invalidated, or impugned by

4

the grant of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 483-489 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (holding that if an inmate's claim for money damages and declaratory relief implies the punishment imposed is invalid, it cannot proceed under § 1983 unless that punishment has been invalidated).

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **OVERRULES** Garrett's objection (Doc. 4), **ADOPTS** the Report, and **ACCEPTS** the recommendation. (Doc. 3). Consistent with that recommendation, Garrett's application to proceed *in forma pauperis* is **DENIED** (Doc. 2), and this action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).  Garrett's motion for an extension of time is **DENIED** as **MOOT**. (Doc. 5).

**DONE** and **ORDERED** this March 26, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

5